IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MICHAEL SMALLWOOD,** *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil No. **PJM 18-1848** |
| | * | |
| **NATIONSTAR MORTGAGE, LLC,** *et al.*, | * | |
| | * | |
| | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

*Pro Se* Plaintiffs Michael and Melanie Smallwood ("the Smallwoods") have sued NationStar Mortgage, LLC ("Nationstar"), Wilmington Trust, National Association ("Wilmington Trust")[1], Bank of America N.A. and LaSalle Bank, N.A. (collectively the "Bank Defendants"), Diane Rosenberg and her firm Rosenberg & Associates, L.L.C. (collectively the "Rosenberg Defendants").[2] The Smallwoods allege various wrongs, including fraud and misrepresentation, relating to a foreclosure proceeding in the Circuit Court for Prince George's County with respect to their residence located in Brandywine, Maryland ("Brandywine Property").

Defendants have filed Motions to Dismiss, (ECF Nos. 22, 24, 29). The matter has been fully briefed, and no hearing is necessary. *See* D. Md. Loc. R. 105(6). For the reasons that follow, Defendants' Motions to Dismiss (ECF Nos. 22, 24, 29) are **GRANTED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

---

[1] Although the Complaint identifies "Wilmington Trust, National Association," the correct name of this Defendant is Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-FF12. *See* ECF 24 at 1.

[2] The Smallwoods also identify "Does 1 through 15" as defendants in the caption of the Complaint, but fail to reference such defendants in the body of the Complaint.

1

In September 2005, the Smallwoods took out a mortgage loan from First Franklin Bank in connection with the purchase of the Brandywine Property. ECF No. 1 ¶ 16. A Promissory Note ("the Note") executed by the Smallwoods was transferred a number of times to multiple entities, in the last instance to Wilmington Trust. ECF No. 24-4; ECF No. 1 ¶ 16. Nationstar was Wilmington Trust's loan servicer. ECF No. 24-1 at p. 5. In 2012, the Smallwoods defaulted on their repayment obligations, as a result of which Nationstar initiated foreclosure proceedings against the Brandywine Property in the Circuit for Prince George's County, Maryland. *See BSBSC v. Smallwood*, Case No. CAEF15-25056 (Prince George's County Cir. Ct.). Between 2012 and 2016 (before the present suit was filed), the Smallwoods filed multiple counter-claims and motions in the Circuit Court for Prince George's County in attempts to block the foreclosure. They also filed an appeal to the Maryland Court of Special Appeals, with the effect of further delaying the foreclosure. On January 2, 2019, the Court of Special Appeals affirmed the Circuit Court in an unpublished opinion.

A public records search of Prince George's County Mapping reveals that Wilmington Trust is now the owner of the property. *See* www.pgatlas.com (search for: 8113 Elora Lane). Even so, as a result of their persistent litigation, it may be that the Smallwoods remain occupants of the property. It is unknown whether they have been making any rental or other payments on the property.

In yet another attempt to invalidate or forestall the foreclosure proceeding, the Smallwoods filed a lawsuit against the Bank Defendants on January 15, 2016 in the United States District Court for the District of Columbia, most of whom they had sued in the Prince George's County foreclosure proceedings. That case was transferred to this Court on June 19, 2018 and docketed as *Smallwood, et al. v. NationStar Mortgage, et al.*, and is the case presently before the Court. ECF

Nos. 1, 18, 19. The Complaint asserts four causes of action: (1) Injunctive Relief and Cancellation of Instruments, (2) Violation of the Truth in Lending Act ("TILA"), (3) Breach of Fiduciary Duty, and (4) Common Law Fraud. *Id.* at 34-58. In support of those claims, the Complaint, which fails to distinguish which Defendants supposedly have done what, states in general that the Defendants falsely claimed to have powers of attorney, conspired to fraudulently assign the deed to the Brandywine Property, and failed to prove ownership of the Note. *Id.* at 34-40. Further, Defendants allegedly violated 15 U.S.C. § 1641 because Nationstar assigned the deed without a valid power of attorney and failed to give the Smallwoods notice of the assignment via mail. *Id.* at 40-47. Moreover, Defendants allegedly breached fiduciary duties owed the Smallwoods because First Franklin Bank did not thoroughly advise them about the possible repercussions of entering into the loan agreement. *Id.* at 48-50. Defendants supposedly further misrepresented themselves as lenders as opposed to loan servicers, as a result of which, the Smallwoods argued, the foreclosure proceeding is invalid. *Id.* at 50-58. The Smallwoods' core argument is that Defendants did not have the legal authority to assign the interest in the Brandywine Property, citing the alleged deficiencies with the chain of title and securitization of the mortgage. *Id.* at 34-58.

Defendants responded to the Complaint by filing motions to dismiss, one of which argued that venue in the federal court in the District of Columbia was improper. ECF Nos. 5, 6, 7. On August 22, 2016, Judge Emmet G. Sullivan stayed the case to resolve the issue of venue, *see* ECF No. 17 at 4, then on May 29, 2018, issued an order transferring the case to this Court. ECF No. 18. The case was transferred on June 19, 2018 and, as indicated, is the case presently before the undersigned. *Id.*; ECF No. 19.

Following Judge Sullivan's stay and independently of this action, the Smallwoods filed a separate Complaint in this Court on December 28, 2016 against the same group of Defendants plus

3

others, which was assigned to Judge Xinis. *See Smallwood v. NationStar Mortgage, LLC*, No. PX-16-4008 2018 U.S. Dist. LEXIS 209854 *1 (D. Md. May 1, 2018). In the case before Judge Xinis, the Smallwoods raised issues of fact and law indistinguishable from those alleged in the case that would later be transferred to the undersigned. *Id.* In her case, Judge Xinis dismissed all claims with prejudice and closed the case on May 1, 2018. *Id.*

After Judge Xinis decided her case, by August 1, 2018, Defendants in the case presently at hand renewed their motions asking this Court to dismiss the present case on the basis of *res judicata*.

## II. LEGAL STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

Accepting the facts alleged in the Complaint as true, when reviewing a motion to dismiss a court "may consider documents attached to the complaint, as well as documents attached to the motion to dismiss, if they are integral to the complaint and their authenticity is not disputed." *Sposato v. First Mariner Bank,* No. CCB–12–1569, 2013 WL 1308582, at *2 (D. Md. Mar. 28, 2013). Courts may take judicial notice of state court documents pursuant to FED. R. EVID. 201. When a defendant asserts that facts outside of the complaint deprive a court of jurisdiction, the court "may consider evidence outside the pleadings without converting the proceeding to one

4

for summary judgment." *Velasco v. Gov't of Indonesia,* 370 F.3d 392, 398 (4th Cir. 2004). Specifically, in considering a *res judicata* defense at the motion to dismiss stage, a court may take judicial notice of prior judicial proceedings when the *res judicata* defense raises no disputed issues of fact. *See Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000).

## III. DISCUSSION

In Maryland, a subsequent claim is barred by the doctrine of *res judicata* when: (1) the parties in the present litigation are the same or in privity with the parties to the earlier suit; (2) the prior adjudication was a final judgment on the merits by a court of competent jurisdiction; and (3) the second suit presents the same cause of action or claim as the first, or the claim could have been raised in the prior suit but was not. *Bullock v. Ocwen Loan Servicing, LLC*, No. PJM 14-3836, 2015 WL 5008773, at *5 (D. Md. Aug. 20, 2015). These are the same factors courts consider for claims of *res judicata* brought in federal courts. *See Daw*, 201 F.3d at 524. The factors are applied generously to "eliminate vexation and expense to the parties, wasted use of judicial machinery and the possibility of inconsistent results." *Thomas v. Consolidation Coal Co.*, 380 F.2d 69, 77 (4th Cir. 1967) (internal citation omitted).

The Fourth Circuit has made clear that "[t]he preclusive [e]ffect of a prior judgment extends beyond claims or defenses actually presented in previous litigation." *Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991). "Not only does res judicata bar claims that were raised and fully litigated, it 'prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" *Peugeot Motors of Am., Inc. v. E. Auto Distributors, Inc.*, 892 F2d 355,

5

359 (4th Cir. 1989) (quoting *Brown v. Felsen*, 442 U.S. 127, 131, 99 S. Ct. 2205, 60 L. Ed. 2d 767, 99 S. Ct. 2205 (1979)). "By precluding parties in a subsequent proceeding from raising claims that were or could have been raised in a prior proceeding, '[r]es judicata . . . encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes.'" *Pueschel v. United States*, 369 F.3d, 345, 354 (4th Cir. 2004) (quoting *Brown*, 442 U.S. at 131).

An earlier action is "identical" for purposes of *res judicata* if it "involves a right arising out of the same transaction or series of connected transactions that gave rise to the claims in the first action." *Harnett v. Billman*, 800 F.2d 1308, 1314 (4th Cir. 1986). This transactional approach requires the Court to decide whether a plaintiff's claims "arise out of the same transaction . . . or the same core of operative facts" at issue in the previous case. *Pueschel*, 369 F.3d at 355 (quoting *In re Varat Enters., Inc.*, 81 F.3d 1310, 1316 (4th Cir. 1996) (internal quotations omitted)); *see Clodfelter v. Republic of Sudan*, 720 F.3d 199, 210 (4th Cir. 2013) (stating that if the two suits arise out of the same transaction, the first suit will have preclusive effect) (citing *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009); *see also Meekins*, 946 F.2d at 1058 (describing the transactional approach). The Court must "presume that a litigant has 'done his legal and factual homework' and raised all grounds arising out of the same factual context to support his claims." *Peugeot Motors*, 892 F.2d 355, at 359 (citing *Car Carriers, Inc. v. Ford Motor Co.*, 789 F.2d 589, 596 (7th Cir. 1986)).

The Court finds *res judicata* applicable here because all three elements are satisfied. Elements one and two, which require identical parties and a competent adjudication on the merits of the prior case, can be easily disposed of because (1) the parties here are the same as those in the case Judge Xinis decided, and (2) Judge Xinis dismissed the case with prejudice—an adjudication on the merits. The only element that requires a discussion is the third: whether this case presents

the same cause of action or claims already decided by Judge Xinis. Accordingly, it remains only to review the claims and issues in her case in order to understand how it compares to the present case.

In the case assigned to Judge Xinis, the Smallwoods sued Nationstar, Wilmington Trust, Bank Defendants, and the Rosenberg Defendants. *Smallwood v. NationStar Mortgage, LLC*, No. PX-16-4008 2018 U.S. Dist. LEXIS 209854 at *1 (D. Md. May 1, 2018). The amended complaint in that case asserted seven causes of action against Defendants: (1) Conduct and Participation in a RICO Enterprise, (2) Conspiracy to Engage in a Pattern of Racketeering Activity, (3) Civil Racketeering, (4) Unjust Enrichment, Insurance Fraud, Breach of Contract, and Bad Faith, (5) Declaratory and Injunctive Relief, (6) Violation of the FDCPA, and (7) Negligent Misrepresentation. *Id.* As with the present case, the amended complaint in the case before Judge Xinis alleged that the defendants' interest in the Brandywine property was fraudulent, and thus, the Brandywine Property's foreclosure proceeding in Prince George's County was necessarily invalid. *Id.* The facts adduced to support the claims in that case are identical to those mentioned here. *Id.*

Following defendants' motions to dismiss, Judge Xinis, in a Memorandum Opinion addressing the claims, stated that the note was properly indorsed and found the Smallwoods' theory of broken title erroneous. *Smallwood*, 2018 U.S. Dist. LEXIS 209854, ECF No. 27 at 8-9. Further, with respect to the general allegations of fraudulent conveyance in her case, Judge Xinis found the transfer of the note proper and dismissed any claim that the alleged bifurcation of the note from the deed rendered it null and void, noting that under Maryland law, the deed and note cannot be split and any such theory is not a valid challenge to a foreclosure action. *Id.* at 9-10. As to the allegations that Defendants were required to produce the "wet-ink" note, Judge Xinis summarily

7

rejected the arguments as meritless. *Id.* at 10. Moreover, she struck down the claims that because the Smallwoods had mortgage insurance any foreclosure and public sale was "double recovery," stating that such notions were "repeatedly rejected" by the Fourth Circuit. *Id*.

With respect to the causes of action, Judge Xinis dismissed the allegations of fraud because they were "wholly based upon flawed, conclusory allegations centered on mortgage insurance, 'split-the-note' theory, and 'missing links' in the note's chain of title." *Smallwood*, 2017 U.S. Dist. LEXIS 209854, ECF No. 27 at 12. As to the consumer claims under 15 U.S.C., Judge Xinis dismissed those because Defendants were not debt collectors and were exempt under the statute. *Id.* at 16. Judge Xinis dismissed all but the claim of unjust enrichment in the amended complaint in in her case because "despite its length [the amended complaint] did little more than recite the enumerated causes of action," *Id.* ECF 27 at 18.

The Smallwoods in turn attempted a second amended complaint to remedy the unjust enrichment claim as permitted, but Defendants again moved to dismiss. *Smallwood v. NationStar Mortgage, LLC*, 2017 U.S. Dist. LEXIS 209854, ECF No. 29 at 25-26. On May 1, 2018, Judge Xinis granted the motions to dismiss the second amended complaint with prejudice and closed the case. *Id.*, ECF No. 39. She dismissed all claims with prejudice because they contained incurable deficiencies and were substantively meritless. *See McLean v. United States*, 566 F.3d 391, 400-01 (4th Cir. 2009) (explaining that a claim "should not be unqualifiedly dismissed for failure to state a claim unless its deficiencies are truly incurable . . . and found [] to be substantively meritless.")

Finally, the third element of *res judicata* is satisfied because the claims here are "identical" to those that were or could have been added to the complaint in the case decided by Judge Xinis. *Harnett*, 800 F.2d at 1314. The two cases involve the same core of operative facts: purported

deficiencies in Defendants' interest in the Brandywine property, conveyance of the note, authority to enforce the note, servicing of note, and subsequent foreclosure action. Additionally, the two cases are based on the same premises: allegations of faulty chain of title, *see, e.g.,* ECF No. 1 at ¶¶ 5, 6, 21, 32, "split-the-note" theory, *see, e.g.,* ECF No. 1 at ¶¶ 18, 21, and requirements to produce original documents, *see, e.g.,* ECF No. 1 at ¶¶ 28, 68. Specifically, the present Complaint contains the same allegations of fraud, request for injunctive and declaratory relief, and claims under Title 15 of the U.S.C., where breach of contract and bad faith form the basis of the complaints. *Id.* Accordingly, the Court finds all of the Smallwoods' claims are barred by doctrine of *res judicata*. Because the Court finds that *res judicata* applies, it is not necessary to discuss other theories upon which this case may be dismissed.

THE SMALLWOODS ARE CAUTIONED THAT ANY FURTHER ATTEMPTS TO FILE AN ESSENTIALLY SIMILAR LAWSUIT AGAINST ONE OR MORE OF THE DEFENDANTS HERE MAY RESULT IN THE IMPOSITION OF SANCTIONS. *See* FED. R. CIV. P. 11.

## I. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Bank Defendants' Motion to Dismiss (ECF No. 22); Nationstar and Wilmington Trust's Motion to Dismiss (ECF No. 24); and the Rosenberg Defendants' Motion to Dismiss (ECF No. 29).

A separate Order will **ISSUE**.

/s/
**PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE**

**February 1, 2019**